IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MIRIAM BAH and THIERNO SOW,<br><br>             Plaintiffs,<br><br>     v.<br><br>MARK LITTLE, Deputy US Marshal, as an Individual, MARK BLACKWOOD, a U.S. Marshal, CRAIG FRIES, an ATF agent, CLAY CLEVELAND, a U.S. Marshal, JEFF STEVENS, an ICE agent, CHIP ATCHLEY, a GA Pardons & Parole Agent, and DUSTIN DAVIS, a Fulton County Marshal, all as Individuals,<br><br>             Defendants. | 1:13-cv-2571-WSD |

### OPINION AND ORDER

This matter is before the Court on Defendants Mark Blackwood's, Craig Fries', Clay Cleveland's, Jeff Stevens', and Chip Atchley's (together, the "Movants") Motion to Dismiss [25] (the "Motion to Dismiss") and Plaintiffs Miriam Bah's and Thierno Sow's (together, the "Plaintiffs") Motion for Leave to File Amended Complaint [27] (the "Motion to Amend"). Also before the Court is

Defendant Dustin Davis' First Motion to Amend Defendant Dustin Davis' Answer to Plaintiffs' Complaint for Damages [38] ("Motion to Amend Answer").

**I.     BACKGROUND**

On August 5, 2013, Plaintiffs filed a Complaint [1] against Defendant Mark Little ("Little"), a Deputy Marshal in the Northern District of Georgia and against "John Does 1-7," who were allegedly "US Deputy Marshals and/or Police Officers in their individual capacities." (Complaint at ¶ 1). Plaintiffs brought this Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) action alleging that Little and John Does 1-7 violated Plaintiffs' Fourth Amendment right by entering their home "without a search warrant, without Plaintiff's [sic] consent, and absent exigent circumstances" (Count One); and (2) Defendants violated the Equal Protection Clause because "their decision to raid Plaintiffs' home was based solely upon Plaintiff's [sic] race and national origin" (Count Two). (Id. ¶¶ 22-23).

On December 19, 2013, Defendant Little filed his Motion to Dismiss [6] ("Little Motion"), asserting that Counts One and Two of Plaintiffs' Complaint do not meet the pleading standards set forth in Twombly and Iqbal. Defendant Little also asserted that he was not the supervisor of the John Doe Defendants, and is thus entitled to qualified immunity. (Little Motion at 10-19). On August 26, 2014,

the Court denied [12] the Little Motion with respect to Count One and granted it with respect to Count Two.

On October 28, 2014, Plaintiffs filed their Amended Complaint [21], alleging that Defendant Little , Defendant Davis, and Movants (together, "Defendants") violated Plaintiff's Fourth Amendment right by entering their home "without a search warrant, without Plaintiff's [sic] consent, and absent exigent circumstances."  (Amended Complaint ¶ 19).

Plaintiffs, in their Amended Complaint, allege that on or about October 17, 2012, Plaintiffs "heard pounding on the front door of their home."  (Id. ¶ 5).  When Plaintiff Bah opened the Door, Defendants pointed their weapons at Plaintiff Bah . . . ."  (Id. ¶ 2; see also id. ¶ 6).  Defendant Little "demanded to know if [Plaintiff Bah] was Mariam Bah."  (Id. ¶ 7).

After Plaintiff Bah confirmed her identity, "Defendants stormed into Plaintiffs['] home, guns drawn."  (Id. ¶ 8).  Plaintiffs assert that Defendant Little "refused to let Plaintiff Bah retrieve her [5 and 7-year-old] daughters and held Plaintiffs in their living room against their will."  (Id. ¶ 9).  Plaintiffs allege that, as Defendants continued their search of Plaintiffs' home, Defendant Little asked Plaintiffs if they knew an Ado Bah, "who was wanted for attempted murder charges in New York.  (Id. ¶ 11).  When Plaintiffs responded that they did not,

Defendant Little asked Plaintiffs if "they knew an Ibrahim Bah," Ado Bah's father. (Id.). "Defendant Little later explained that Plaintiff Bah dated a man almost ten years earlier who was the father of a man who was wanted for attempted murder in New York. (Id. ¶ 2). "Plaintiff Bah responded that the Ibrahim Bah she knew did not have a son." (Id. ¶ 11).

Plaintiffs assert that the Defendants did not apply for a search warrant for Plaintiffs' home, and that Defendant Little, as "supervisor on the scene" instructed the remaining Defendants to enter Plaintiffs' home without a search warrant and failed to act and stop the intrusion once it began. (Id. ¶ 16; see also id. ¶ 18). Plaintiffs assert that as "a direct and proximate cause of Defendant Little's actions and inaction, Plaintiff's [sic] home was entered without a search warrant, without consent, and in the absence of exigent circumstances." (Id.). Plaintiffs allege that the Defendants are all trained officers and are aware that a search warrant is necessary to enter a person's home to execute an arrest warrant, and despite this knowledge, that the Defendants entered without a search warrant, without Plaintiffs' consent, and absent exigent circumstances. Plaintiffs assert that their Fourth Amendment rights were violated by Defendants' conduct.

On December 12, 2014, Movants filed their Motion to Dismiss, arguing that they are entitled to qualified immunity and should be dismissed from this action. On December 24, 2014, Plaintiffs filed their Motion to Amend.[1]

On January 12, 2015, Defendant Davis, who did not join Movants in filing a Motion to Dismiss, filed his Answer [31] to Plaintiff's Amended Complaint. On March 19, 2015, Defendant Davis filed his Motion to Amend Answer, seeking leave to amend his Answer to add an affirmative defense based on the statute of limitations. No response to Defendant Davis' Motion to Amend Answer was filed.

## II.   DISCUSSION

### A.   Legal Standard on Motion to Dismiss

The law governing motions to dismiss pursuant to Rule 12(b)(6) is well-settled. Dismissal of a complaint is appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

---

[1] Plaintiff filed a document entitled "Plaintiff Bah and Sow's Brief in Opposition to Defendants Blackwood, Fries, Cleveland, Stevens, and Atchleys' Motion To Dismiss and, Alternatively, Plaintiff's Motion For Leave To File An Amended Complaint" as their Motion to Amend and as their Response [26] in Opposition to Movants' Motion to Dismiss.

In considering a motion to dismiss, the Court accepts the plaintiff's allegations as true and considers the allegations in the complaint in the light most favorable to the plaintiff.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007); see also Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.").  The Court, however, is not required to accept a plaintiff's legal conclusions.  See Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  The Court also will not "accept as true a legal conclusion couched as a factual allegation."  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Ultimately, the complaint is required to contain "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.[2]

---

[2]   The Supreme Court explicitly rejected its earlier formulation for the Rule 12(b)(6) pleading standard: "'[T]he accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Twombly, 550 U.S. at 577 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The Court decided that "this famous observation has earned its retirement."  Id. at 563.

To state a claim for relief that is plausible, the plaintiff must plead factual content that "allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Plausibility" requires more than a "sheer possibility that a defendant has acted unlawfully," and a complaint that alleges facts that are "merely consistent with" liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (citing Twombly, 550 U.S. at 557). "A complaint is insufficient if it 'tenders naked assertions devoid of further factual enhancement.'" Tropic Ocean Airways, Inc. v. Floyd, — F. App'x —, No. 14-12424, 2014 WL 7373625, at *1 (11th Cir. Dec. 30, 2014) (quoting Iqbal, 556 U.S. at 678).

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1263 (11th Cir. 2004); see also White v. Bank of America, NA, — F. App'x —, No. 14-10318, 2014 WL 7356447, at *2 (11th Cir. Dec. 29, 2014) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions

masquerading as facts will not prevent dismissal.") (quoting Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002)).[3]

B.  Analysis

Movants assert that they are entitled to qualified immunity and that Plaintiffs' claim against Movants must be dismissed. Movants assert that Plaintiffs' Amended Complaint fails to allege that the Movants "knew or were reasonably alerted that their conduct might result in a violation of the Fourth Amendment," because the Amended Complaint alleges that Defendant Little "led the team" and was therefore responsible to ensure that the Defendants had lawful authority for their actions. (Motion to Dismiss at 11-12). Movants argue that Plaintiffs' Amended Complaint does not specifically allege that the Movants were aware that Defendant Little did not have a valid search warrant or did not obtain Plaintiffs' consent. Movants assert also that Plaintiffs' Amended Complaint fails to satisfy the standard established by Iqbal and Twombly because it does not contain assertions regarding Movants' knowledge of the existence of a search warrant, consent, or exigent circumstances.

---

[3]  Federal Rule of Civil Procedure 8(a)(2) requires the plaintiff to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In Twombly, the Supreme Court recognized the liberal minimal standards imposed by Federal Rule 8(a)(2) but also acknowledged that "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

8

"Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). "Suits against government officials for damages against them individually are costly not only for the defendants, but for society as a whole. The social costs include the expenses of litigation, the diversion of official energy from pressing public issues, and the deterrence of able citizens from acceptance of public office." Post v. City of Fort Lauderdale, 7 F.3d 1552, 1556 (11th Cir. 1993) (internal quotation marks and citations omitted). "Qualified immunity recognizes that, where an official's duties legitimately require action in which clearly established rights are not implicated, the public interest may be better served by action taken with independence and without fear of consequence." Id.

To be eligible for qualified immunity, the official must first establish that he was performing a "discretionary function" at the time the alleged violation of federal law occurred. Crosby v. Monroe, 394 F.3d 1328, 1332 (11th Cir. 2004). Once the official has established that he was engaged in a discretionary function, the plaintiff bears the burden of demonstrating that the official is not entitled to

9

qualified immunity. Id. To demonstrate that the official is not entitled to qualified immunity, the plaintiff must show two things: (1) that the defendant has committed a constitutional violation and (2) that the constitutional right the defendant violated was "clearly established" at the time he did it. Id. A motion to dismiss based on qualified immunity should be denied if the plaintiff alleges "sufficient facts to support a finding of a constitutional violation of a clearly established law." Chandler v. Sec'y of Fla. Dep't of Transp., 695 F.3d 1194, 1198 (11th Cir. 2012) (citing Oliver v. Fiorino, 586 F.3d 898, 905 (11th Cir. 2009)); see also Andreu v. Sapp, 919 F.2d 637, 639 (11th Cir. 1990) ("[T]he defendant is entitled to dismissal when the plaintiff has failed to *allege* a violation of a clearly established right.") (citations omitted).

The parties do not dispute that Movants were performing a "discretionary function" when entering Plaintiffs' home to search for Ado Bah and do not dispute that it is clearly established that entering a person's home without a warrant, consent, or exigent circumstances violates the person's Fourth Amendment rights.[4]

---

[4] "In terms that apply equally to seizures of property and to seizures of persons, the Fourth Amendment has drawn a firm line at the entrance to the house." United States v. Santa, 236 F.3d 662, 675 (11th Cir. 2000) (quoting Payton v. New York, 445 U.S. 573, 590 (1980)). "Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant." Id. A search for a suspect in a person's home without first obtaining a search warrant, absent some set of excepted circumstances such as exigency or consent, generally is not legal.

Movants, however, assert that their reliance on Defendant Little's instructions, the supervising agent at the scene, entitled them to qualified immunity.

Movants' argument focuses on their contention that Plaintiffs' Amended Complaint does not allege sufficient facts to establish that Movants were aware that there was no search warrant authorizing their entry into Plaintiffs' home, or that Plaintiffs had not given consent to the search. (Motion to Dismiss at 11-13).

The Court disagrees. The Amended Complaint states:

> Defendants are trained officers of the US Marshal Service, the ATF, ICE, and/or County and State Agencies and are aware that a search warrant is necessary to enter a third party's home to execute an arrest warrant. Despite this, Defendants entered Plaintiff's home without a search warrant, without Plaintiff's consent, and absent exigent circumstances.

(Amended Complaint ¶ 19). While inartfully written, the Court concludes that this allegation, drawing all reasonable inferences in the light most favorable to

---

See Steagald v. United States, 451 U.S. 204, 213-15 (1981). The Supreme Court noted:

> A contrary conclusion—that the police, acting alone and in the absence of exigent circumstances, may decide when there is sufficient justification for searching the home of a third party for the subject of an arrest warrant—would create a significant potential for abuse. Armed solely with an arrest warrant for a single person, the police could search all the homes of that individual's friends and acquaintances. Moreover, an arrest warrant may serve as the pretext for entering a home in which the police have a suspicion, but not probable cause to believe, that illegal activity is taking place.

Steagald, 451 U.S. at 215.

Plaintiffs, plausibly alleges that all of the Defendants "[were] aware that a search warrant is necessary to enter a third party's home to execute an arrest warrant," and that no warrant existed.

The Court notes also that Plaintiffs allege that, upon opening the door to her home, she found "guns stuck in her face" and Defendant Little demanding "to know if [Plaintiff Bah] was Mariam Bah." (Id. ¶¶ 2, 6-7). After Plaintiff Bah confirmed her identity, "Defendants stormed into Plaintiffs['] home, guns drawn." (Id. ¶ 8). The Court, again drawing all reasonable inferences in the light most favorable to Plaintiffs, infers that the Movants were in close enough proximity to Defendant Little, that they could point their guns at Plaintiff Bah and quickly storm the house when she said she was Miriam Bah. In light of these allegations, and the Court's obligation to draw reasonable inferences in Plaintiffs' favor, the Court interprets the allegations as stating that Movants were in sufficiently close proximity to know that Plaintiff Bah did not consent to a search. (Id. ¶ 8).

Movants rely on several cases that evaluated the conduct of officers who followed the lead of another officer in searching a person's home, or arresting them. Movants principally rely on Shepard v. Hallandale Beach Police Dep't, 398 F. App'x 480 (11th Cir. 2010). In Shepard, the Eleventh Circuit affirmed the district court's judgment in favor of an assisting officer on qualified immunity

grounds, because the record established that the assisting officer did not know that the lead officer did not have an arrest warrant, had assurances from the lead officer that there was probable cause to make the arrest and did not hear the arrestee ask the lead officer if he had an arrest warrant. Shepard v. Hallandale Beach Police Dep't, 398 F. App'x 480, 484 (11th Cir. 2010).  The Eleventh Circuit noted that the district court's findings of fact from the bench trial included that the assisting officer, who was not involved in the investigation and was there solely as uniformed back-up, was not present when the lead officer knocked on the arrestee's door and conversed with him. Id. at 482.  The Eleventh Circuit concluded that "nothing [the assisting officer] knew at the time of entry would have alerted a reasonable officer in his shoes that his conduct might result in the violation of [the arrestee's] Fourth Amendment rights." Id. at 484.

     The Eleventh Circuit's reasoning in Shepard does not apply here.  The Court, interpreting Plaintiffs' allegations, finds that Movants are alleged to have known that no search warrant existed and that Plaintiffs did not consent to the search of their home.  Plaintiffs have alleged sufficient facts for the Court to infer that the Movants, unlike the assisting officer in Shepard, were close enough to hear Defendant Little's conversation with Plaintiff Bah when she opened her front door and before they "stormed" into her home.  Assuming these facts to be true, the

13

Court infers that Movants, unlike the assisting officer in <u>Shepard</u>, knew enough at the time of entry to alert a reasonable officer that his conduct might violate Plaintiffs' Fourth Amendment rights.

Movants also rely the Eleventh Circuit's decisions in <u>Brent v. Ashley</u>, 247 F.3d 1294 (11th Cir. 2001) and <u>Hartsfield v. Lemacks</u>, 50 F.3d 950, 954 (11th Cir. 1995), <u>as amended</u> (June 14, 1995). As an initial matter, the Court notes that these cases were decided on summary judgment, when the district court had a developed record. The Eleventh Circuit, in <u>Brent</u>, concluded that several customs inspectors who assisted in an unauthorized search were protected by qualified immunity because they were ordered to perform the search by a superior. The record did not indicate that the inspectors knew or should have known that their conduct violated the plaintiff's rights. <u>Brent v. Ashley</u>, 247 F.3d 1294, 1305-06 (11th Cir. 2001). The reasoning in <u>Brent</u> does not apply here for the same reasons that the Court concluded that the reasoning in <u>Shepard</u> does not apply. In <u>Hartsfield</u>, the Eleventh Circuit concluded that several officers who participated in a search of a house were entitled to qualified immunity where the officers did not see a valid search warrant and relied on the lead officer's direction when they entered the wrong home. <u>Hartsfield v. Lemacks</u>, 50 F.3d 950, 956 (11th Cir. 1995), <u>as amended</u> (June 14, 1995). The reasoning in <u>Hartsfield</u> also does not

apply here. Plaintiffs' Amended Complaint, which the Court considers in the light most favorable to Plaintiffs, alleges that the Movants, unlike the assisting officers in Hartsfield, did not believe that a search warrant had been issued and were not simply following the direction of a lead investigator.

The Court, as it must at this stage in the litigation, assumes the facts alleged in the Complaint are true, and, upon them, draws all reasonable inferences from the allegations in the light most favorable to the Plaintiffs. See Hishon, 467 U.S. at 73. The Court thus finds that Plaintiffs have alleged sufficient plausible facts to preclude, at this time, dismissal of Plaintiffs' Fourth Amendment claim asserted against Movants on the basis of qualified immunity.[5]

C.   Legal Standard on Motion to Amend

Rule 15(a) of the Federal Rules of Civil Procedure allows a plaintiff to file one amended complaint as a matter of course, if the amended complaint is filed either within 21 days of service of the original complaint or within 21 days of the defendant's filing of a responsive pleading or Rule 12 motion to dismiss. See

---

[5] The Court also concludes, considering the allegations in the Amended Complaint as true and giving Plaintiffs the benefit of all reasonable inferences, that Plaintiffs have met the Twombly and Iqbal plausibility showing for a Fourth Amendment violation. Plaintiffs allege that the Movants appeared at Plaintiffs' residence and entered their home without a warrant, consent, or exigent circumstances. By itself, and if proved, this could be a violation of the Fourth Amendment. See Santa, 236 F.3d at 675. Plaintiffs thus allege "enough facts to state a claim to relief that is plausible on its face." See Twombly, 550 U.S. at 570.

Fed. R. Civ. P. 15(a)(1).  Amended complaints outside of these time limits may be filed only "with the opposing party's written consent or the court's leave."  See Fed. R. Civ. P. 15(a)(2).

Rule 15 of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Absent "undue delay, bad faith, dilatory motive or undue prejudice, leave to amend is routinely granted."  Forbus v. Sears Roebuck & Co., 30 F.3d 1402, 1405 (11th Cir. 1994) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

### D.   Analysis

The Court notes that Plaintiffs' Motion to Amend is styled as an alternative request for relief in the event that the Court concluded that the Amended Complaint failed to allege sufficient facts to establish, if true, that Movants violated Plaintiffs' Fourth Amendment rights and are not entitled to qualified immunity.  Having concluded that Plaintiffs Amended Complaint does allege sufficient plausible facts, the Court concludes that justice does not require that leave to amend be granted.  See Fed. R. Civ. P. 15(a)(2).

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants Mark Blackwood's, Craig Fries', Clay Cleveland's, Jeff Stevens', and Chip Atchley's Motion to Dismiss [25] and Plaintiffs Miriam Bah's and Thierno Sow's Motion for Leave to File Amended Complaint [27] are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Dustin Davis' First Motion to Amend Defendant Dustin Davis' Answer to Plaintiffs' Complaint for Damages [38] is **GRANTED**.[6]

**IT IS FURTHER ORDERED** that, per the Court's April 30, 2015, Order, the parties shall have up to and including thirty (30) days from the date of this Order to file motions for summary judgment.

**SO ORDERED** this 13th day of May, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[6] Plaintiffs did not respond to Defendant Davis' Motion to Amend Answer. Under the Court's Local Rules, Defendant Davis' Motion to Amend Answer is deemed unopposed. See LR 7.1B, NDGa. ("Failure to file a response shall indicate that there is no opposition to the motion.").

17